UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RALPH JOSEPH DELORY,

        Plaintiff,

                                             Case No. 3:11-cv-449

                                             Judge Thomas M. Rose

-v-

UNITED STATES POSTAL SERVICE,
et al.,

        Defendants.

_____

**ENTRY AND ORDER GRANTING THE DEFENDANTS' MOTION TO
SUBSTITUTE THE UNITED STATES AS PARTY DEFENDANT FOR
THE TWO INDIVIDUAL DEFENDANTS AND TO DISMISS ALL
CAUSES OF ACTION AGAINST ALL DEFENDANTS (Doc. #5)**

_____

      The Plaintiff in this matter is Ralph Joseph Delory ("Delory"). The named Defendants

are the United States Postal Service, the Postmaster General, Susan Shaner ("Shaner"), Christine

Goughler ("Goughler"), and Jane and/or John Does yet to be identified.

      Delory brings six Causes of Action. His First Cause is defamatory slander. His Second

Cause is defamation per se. His Third Cause is race discrimination in violation of federal law.

His Fourth Cause is intentional infliction of emotional distress ("IIED") based upon events that

occurred while Delory was employed by the U.S. Postal Service ("USPS"). His Fifth Cause is

violation of the Americans With Disabilities Act ("ADA"), and his Sixth Cause is for IIED based

upon events that occurred after his employment at the USPS ended.

      All of Delroy's claims arise out of his employment with the USPS, a federal agency. He

retired from the USPS in 2008 after more than 13 years of service. Some of the events about

which Delroy complains took place before he retired and some took place at the USPS after he

retired.

In June of 2010, Delory visited the USPS location where he previously worked to see friends. During that visit, he was allegedly humiliated by comments made by USPS personnel. Also, a poster had been hung that warned those seeing it to avoid Delory and not approach him due to potential dangerous activity by him. Delory was diagnosed with Post-Traumatic Stress Disorder and bipolar disorder which he acquired during his military service.

Now before the Court is a Motion filed by the Defendants. (Doc. #5.) This Motion has two branches. One is a Motion To Substitute the United States as a Party Defendant for the Two Individual Defendants. The other is a Motion To Dismiss. Delory has responded and the Defendants have replied. This Motion is, therefore, ripe for decision.

## MOTION TO SUBSTITUTE

The Defendants seek to substitute the United States as the party defendant for Shaner and Goughler, the two individual named Defendants. Delory did not discuss or oppose this branch of the Defendant's Motion in his Response.

Delory's claims against Shaner and Goughler arise from conduct that allegedly occurred in Ohio. (Compl. ¶ 5.) Pursuant to Ohio law, an employee is acting within the scope of his or her employment "when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it." *Sullivan v. Shimp*, 324 F.3d 397, 399 (6th Cir. 2003)(quoting *Posin v. A.B.C. Motor Court Hotel, Inc.*, 344 N.E.2d 334, 339 (Ohio 1976)).

Section 2679(d) of Title 28 permits the Attorney General to certify that an employee of a federal agency was acting within the scope of his or her employment at the time of the incident out of which a claim arose. In this case, the United States Attorney for the Southern District of

Ohio has certified that Shaner and Goughler were acting within the scope of their employment as employees of the USPS, a federal agency. (Doc. #5, Attachment 1.)

Section 2679(d)(1) of Title 28 provides that, upon certification by the Attorney General that the defendant employee was acting within the scope of his or her employment at the time of the incident out of which the claim arose, the United States shall be substituted as a party defendant in the civil action. In this case, the Attorney General has provided such a certification for Shaner and Goughler. Therefore, the United States is substituted as a party defendant for Shaner and Goughler. This branch of the Defendants' Motion is GRANTED.

The Defendants also argue that the claims against Shaner and Goughler should be dismissed because Delory's allegations against them involve the type of claims for which Government employees acting within the scope of their employment are entitled to immunity under the Federal Tort Claims Act ("FTCA"). However, since Shaner and Goughler are no longer parties, the Court need not consider this argument.

## MOTION TO DISMISS

The Defendants seek to dismiss all of Delory's claims against them pursuant to Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally fall into one of two categories: facial attack or factual attack. *Ohio National Life Insurance Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a trial court takes the allegations in the complaint as true. In reviewing a factual attack, no presumptive truthfulness applies. *Id.*

In this instance, the Defendants do not at this time challenge the facts set forth in the Complaint. They challenge the sufficiency of the pleadings. Thus, Defendants Motion regarding

-3-

subject matter jurisdiction is a facial attack.

Regarding proof of a Rule 12(b)(1) motion, the party asserting jurisdiction has the burden. *Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F. 2d 266 (6th Cir. 1990); 5A Wright and Miller, *Federal Practice and Procedure, Civil 2d*, §1350 (1990). The party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419, 1996 WL 172119 (6th Cir. 1996).

Generally the Federal Government is immune from suit. The FTCA, however, provides a limited wavier of the Federal Government's immunity. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA specifically waives the Federal Government's immunity for claims against the United States for injury or loss of property caused by the negligent or wrongful act or omission of any employee while acting within the scope of his or her employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Yet, while the United States is liable in the same manner and to the same extent as a private individual under like circumstances, the United States is not liable for interest prior to judgment or for punitive damages. 28 U.S.C. § 2674.

Thus, the FTCA grants subject matter jurisdiction to this Court to adjudicate certain claims. However, the FTCA contains an administrative claim requirement that the claimant must have first presented the claim to the appropriate federal agency and the claim must have been denied by that federal agency. 28 U.S.C. § 2675(a). Thus, subject to certain exceptions which do not apply here, an FTCA action cannot be maintained against the United States until a claimant

-4-

has exhausted his or her administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

One of Delroy's Causes of Action is for federal race discrimination and one is for violation of the ADA. Thus, these two Causes of Action fall outside of the FTCA. However, the federal race discrimination claim requires an exhaustion of administrative remedies. *See Brown v. General Services Administration*, 425 U.S. 820, 832 (1976). And, since Delroy was an employee of the USPS, a federal agency, he cannot bring a claim under the ADA. 42 U.S.C. § 12111(5)(B)(i).

### First Cause of Action - Defamatory Slander

This Court has subject matter jurisdiction to adjudicate FTCA claims such as this. However, Delory must first exhaust his administrative remedies with regard to his FTCA claim against the United States. Further, he cannot sue the USPS under the FTCA. *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

The USPS has no record of an administrative claim being presented to it by Delory. (Declaration of Kimberly A. Herbst Feb. 16, 2012.) Thus, Delory has not exhausted his administrative remedies.

Delory first argues that the Defendants waived their statutory immunity through their tortious activities. However, he cites Ohio case law in support of this argument, and the Ohio case law applies to civil actions by an employee against political subdivisions of Ohio. The law cited does not apply to civil actions against the Federal Government.

Delory also argues that the Government should be equitably estopped from requiring that he exhaust his administrative remedies because he tried to bring his complaints to his Postal

Union and government officials and was told that, because he had retired before any of these events took place, there was nothing they could do for him. Thus, he proceeded under the understanding that he had pursued administrative remedies.

Delory's argument for equitable estoppel for this claim is unpersuasive for at least three reasons. First, this contention is not supported by any sworn testimony or any allegation in the Complaint. Second, the indication by a Postal Union official that there was nothing he could do does not excuse Delory from the administrative claim requirement. Third, Delory has two years after his claim accrues to present his administrative claim to the appropriate agency and it appears that the two years has not run in this case.

Delory has not exhausted his administrative remedies for this claim as he is required to do before this Court can have subject matter jurisdiction. Therefore, Delory's First Cause of Action for defamatory slander is dismissed for a lack of subject matter jurisdiction.

## Second Cause of Action - Defamation Per Se

This Court has subject matter jurisdiction to adjudicate FTCA claims such as this. However, as with his defamatory-slander FTCA claim, Delory must first exhaust his administrative remedies. Further, he cannot sue the USPS under the FTCA.

Delory has not exhausted his administrative remedies. Also, for the same reasons as stated above, the Federal Government has not waived their statutory immunity and Delory is not entitled to equitable estoppel regarding the exhaustion of administrative remedies.

Delory has not exhausted his administrative remedies for this claim as he is required to do before this Court can have subject matter jurisdiction. Therefore, Delory's Second Cause of Action for defamation per se is dismissed for a lack of subject matter jurisdiction.

## Third Cause of Action - Title VII Race Discrimination

This Court has subject matter jurisdiction to adjudicate claims such as this provided the claimant has exhausted administrative remedies. However, the USPS EEO Manager for the region in which Delory worked has no record of an EEO complaint being filed by Delory. (Declaration of Mary Etta Johnson Feb. 17, 2012.) Thus, Delory has not exhausted his administrative remedies.

As more fully set forth above, the Federal Government has not waived their statutory immunity and Delory is not entitled to equitable estoppel regarding the exhaustion of administrative remedies. Therefore, Delory's Third Cause of Action for Title VII race discrimination is dismissed for a lack of subject matter jurisdiction.

## Fourth Cause of Action - IIED

The events that allegedly resulted in this Cause of Action took place before Delory left the employment of the USPS. This Court has subject matter jurisdiction to adjudicate FTCA claims such as this provided the claimant has exhausted administrative remedies. However, Delory must first exhaust his administrative remedies. Further, he cannot sue the USPS under the FTCA.

Delory has not exhausted his administrative remedies. Also, for the same reasons as stated above, the Federal Government has not waived their statutory immunity and Delory is not entitled to equitable estoppel regarding the exhaustion of administrative remedies.

Delory has not exhausted his administrative remedies for this claim as he is required to do before this Court can have subject matter jurisdiction. Therefore, Delory's Fourth Cause of Action for IIED is dismissed for a lack of subject matter jurisdiction.

**Fifth Cause of Action - ADA Violation**

The events that allegedly resulted in this Cause of Action took place before Delory left the employment of the USPS. This Court has subject matter jurisdiction to adjudicate claims such as this provided the claimant has exhausted administrative remedies. However, since Delroy was an employee of the USPS, a federal agency, he cannot bring a claim under the ADA.

Delory could bring a claim such as this under the Rehabilitation Act of 1973. However, such a claim requires an exhaustion of administrative remedies. This Delory has not done.

As more fully set forth above, the Federal Government has not waived their statutory immunity. Further, Delory is not entitled to equitable estoppel regarding the exhaustion of administrative remedies.

Therefore, Delory's Fifth Cause of Action for violation of the ADA is dismissed. Further, if this claim were to be brought pursuant to the Rehabilitation Act of 1973, it would be dismissed for a lack of subject matter jurisdiction.

**Sixth Cause of Action - IIED**

The events that allegedly resulted in this Cause of Action took place after Delory left the employment of the USPS. This Court has subject matter jurisdiction to adjudicate FTCA claims such as this provided the claimant has exhausted administrative remedies. However, Delory must first exhaust his administrative remedies. Further, he cannot sue the USPS under the FTCA.

Delory had not exhausted his administrative remedies. Also, for the same reasons as stated above, the Federal Government has not waived their statutory immunity and Delory is not entitled to equitable estoppel regarding the exhaustion of administrative remedies.

Delory has not exhausted his administrative remedies for this claim as he is required to

do before this Court can have subject matter jurisdiction. Therefore, Delory's Sixth Cause of Action for IIED is dismissed for a lack of subject matter jurisdiction.

### SUMMARY

Delory's First, Second, Third, Fourth, and Sixth Causes of action are dismissed because Delory has not shown that this Court has subject matter jurisdiction over them. His Fifth Cause of Action is dismissed because Delory cannot bring such a claim. Further, if he were to alternately bring a Rehabilitation Act claim, it too would be dismissed for a lack of subject matter jurisdiction.

**This matter is hereby terminated from the docket records.**

**DONE** and **ORDERED** in Dayton, Ohio this 14th day of May, 2012.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT

JUDGE

Copies furnished to:

Counsel of Record